United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10367
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DANIEL CORDOVA-MUNOZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-347-ALL
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Attorney Robert J. Herrington, appointed to represent
Jose Daniel Cordova-Munoz ("Cordova-Munoz"), has requested
leave to withdraw and has filed a brief as required by <u>Anders
v. California</u>, 386 U.S. 738 (1967).  Cordova-Munoz has filed a
response.  He contends that the district court was unaware that
it had the authority to grant a downward departure and that the
sentencing enhancements in 8 U.S.C. § 1326 (b)(1)&(b)(2) are

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional based on the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Cordova-Munoz knowingly and voluntarily waived his right to appeal his sentence except if his punishment exceeded the statutory maximum, if the district court upwardly departed from the applicable sentencing guidelines range, or if there were any mathematical errors in his sentencing. <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994). Cordova-Munoz thus waived the right to raise the argument regarding the district court's failure to grant a downward departure, and his argument regarding the constitutionality of § 1326(b)(1)&(b)(2) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

Our independent review of the brief, the record, and Cordova-Munoz's response discloses no nonfrivolous issue for appeal. Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities, and the appeal is DISMISSED. <u>See</u> 5TH CIR. R. 42.2.

MOTION GRANTED; APPEAL DISMISSED.